RICE
vs.
RICE.

---

## Rice vs. Rice.

### ERROR TO MORGAN CIRCUIT.

Case 12.

1. A communication made to an attorney by two for whom he is counsel, in a controversy with a third person, may, without any breach of professional confidence, be given in evidence by the attorney in a contest between those two for whom he was counsel.

2. A surety sued in conjunction with his principal, and paying the judgment, has a right to recover the amount paid from his principal, and as the principal has a right to defend the first suit, he cannot rely, in the defense of the suit of the surety, that the first suit was not skillfully defended.

Judge SIMPSON delivered the opinion of the court.

June 22.

The parties to this action had been sued by Arnett and Salyers, and had employed A. Trumbo to defend the suit for them as their lawyer and attorney.— Whilst he was acting in that capacity, and attending to the defense of the suit, he was informed by his clients that the demand claimed by the plaintiffs in that action was one for which, as between the defendants themselves, the defendant in this action was alone responsible. A judgment having been recovered by the plaintiffs in the action, it was not paid by the defendant who owed it, but by the other defendant, who thereupon instituted this action against his co-defendant, to recover from him the amount thus paid. A. Trumbo, although objected to by the defendant, was permitted to give in evidence the communications made to him by the parties to this action, when he was acting as their attorney in the aforesaid suit, to prove that the judgment paid by the plaintiff was ac-

Case stated.

RICE
vs.
RICE.

tually the debt of the defendant, and ought to have been paid by him. The admissibility of this testimony is the question now to be decided.

As the communications were made to an attorney, who was acting at the time as the legal adviser of the parties, it is clear that he would not be permitted to disclose them in any controversy between them and a third person. But does this rule apply in this case? Here the controversy is between the parties themselves, and the attorney is under the same obligations to both of them. The matter communicated was not in its nature private, as between these parties, who were both present at the time, and consequently so far as they are concerned, it cannot, in any sense, be deemed the subject of a confidential communication made by one, which the duty of the attorney prohibited him from disclosing to the other. The reason of the rule has no application in such a case. The statements of parties made in the presence of each other may be proved by their attorneys, as well as by other persons, because such statements are not in their nature confidential, and cannot be regarded as privileged communications. The testimony of the attorney was therefore properly admitted in this case.

The sum that the plaintiff had a right to recover, was a question of fact for the jury to determine. If the action, which had been brought against him by Arnett and Salyers, was defended by him in good faith, he had a right to recover from the defendant in this action the whole amount he was compelled to pay in satisfaction of their judgment against him; and as it was the duty of the defendant to have attended to the defense of the suit which Arnett and Salyer had instisuted, and for the recovery in which he was responsible, he has no right to object to the amount recovered by them on the ground that the defense was not managed as skillfully as it might have been.

Wherefore, the judgment is affirmed.

HAZLERIGG for plaintiff; RAND for defendant.

1. A communication made to an attorney by two for whom he is counsel, in a controversy with a third person, may, without any breach of professional confidence, be given in evidence by the attorney in a contest between those two for whom he was counsel.

2. A surety sued in conjunction with his principal, and paying the judgment, has a right to recover the amount paid from his principal; and as the principal has a right to defend the first suit, he cannot rely, in the defense of the suit of the surety, that the first suit was not skillfully defended.